IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KEVIN RATZMANN

    Plaintiff,

v.

LOS PINOS FIRE PROTECTION DISTRICT,
JAMES BROWN, *Individually and as President of Board of Directors of the Los Pinos Fire Protection District,*
MARK WILLIAMS, *Individually and as member of the Board of Directors of the Los Pinos Fire Protection District,*
KIRK BECKER, *Individually and as member of the Board of Directors of the Los Pinos Fire Protection District,*
PAUL BLOCKER, *Individually and as member of the Board of Directors of the Los Pinos Fire Protection District,* and
FRANK WEIS, *Individually and as member of the Board of Directors of the Los Pinos Fire Protection District,*

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Kevin Ratzmann, by and through his counsel David T. Albrechta and Eleni K. Albrechta of Albrechta & Albrechta, LLC, respectfully alleges for his Complaint and Jury Demand as follows:

### I.  INTRODUCTION

1. Defendant Los Pinos Fire Protection District (the "District") provides fire suppression and paramedic level emergency medical services to a 325-square-mile area of Southwest Colorado.

2. Plaintiff Kevin Ratzmann is a Firefighter with approximately twenty years of professional Firefighter and Paramedic experience.

3. Mr. Ratzmann was employed as the Deputy Chief for Los Pinos Fire Protection District

from August 2016 to November 2018.

4. Upon his termination, Mr. Ratzmann was employed for a fixed term of 5 years pursuant to an Employment Agreement with a term of August 15, 2017 to August 15, 2022.

5. In October 2018 Mr. Ratzmann submitted a complaint to the Los Pinos Fire Protection District regarding misconduct of and fitness-for-duty concerns about Tom Aurnhammer, the Fire Chief.

6. Shortly after Mr. Razmann submitted his written complaint, the District initiated an investigation of Mr. Ratzmann.

7. In November 2018 the Board of Directors of the District voted to terminate Mr. Ratzmann's employment.

## II.  PARTIES

8. Plaintiff Kevin Ratzmann (hereinafter, "Plaintiff" or "Mr. Ratzmann"), at all times relevant hereto, was an adult legal resident of and domiciled in La Plata County, Colorado and currently is a resident of and domiciled in Grand County, Colorado.

9. Defendant Los Pinos River Fire Protection District (hereinafter, the "Los Pinos Fire District" or "the District"), is a special district organized pursuant to the Colorado Special District Act, C.R.S. 32-1-101, *et seq*.  The District's main office is located at 515 Sower Drive, Bayfield, Colorado 81122 in La Plata County, Colorado and it provides its services in La Plata and Archuleta Counties, State of Colorado.

10. Upon information and belief, Defendant James Brown is an adult resident of and domiciled in La Plata County, Colorado.  At all relevant times Mr. Brown was the President of the Board of Directors of Los Pinos Fire Protection District.

11. Upon information and belief, Defendant Mark Williams is an adult resident of and domiciled in Archuleta County, Colorado.  At all relevant times Mr. Williams was a member of

2

the Board of Directors of Los Pinos Fire Protection District.

12. Upon information and belief, Defendant Kirk Becker is an adult resident of and domiciled in Archuleta County, Colorado. At all relevant times Mr. Becker was a member of the Board of Directors of Los Pinos Fire Protection District.

13. Upon information and belief, Defendant Paul Blocker is an adult resident of and domiciled in La Plata County, Colorado. At all relevant times Mr. Blocker was a member of the Board of Directors of Los Pinos Fire Protection District.

14. Upon information and belief, Defendant Frank Weis is an adult resident of and domiciled in Archuleta County, Colorado. At all relevant times Mr. Weis was a member of the Board of Directors of Los Pinos Fire Protection District.

### III. JURISDICTION AND VENUE

15. Counts I through IV of this Complaint are based on federal law. As to Counts I through IV, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

16. This Court holds supplemental jurisdiction over Counts V through VIII, pursuant to 28 U.S.C. §1367, on the grounds that they are so related to Counts I through IV over which the Court has original jurisdiction, that it forms part of the same case or controversy.

17. Plaintiff was employed in this District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this District. Thus, venue properly lies within the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §1391(c).

### IV. FACTUAL ALLEGATIONS

18. Mr. Ratzmann is a Firefighter and Paramedic whose career spans the course of twenty years with several fire departments.

19. In 2016 the District's Board of Directors conducted a nationwide search for a new Fire Chief.

20.  Mr. Ratzmann lived in Florida where he was employed as the EMS and Fire Training Captain at The Villages.

21.  Mr. Ratzmann learned that Los Pinos Fire Protection District was hiring a new Fire Chief through a job posting on the International Association of Fire Chiefs online job board.

22.  Mr. Ratzmann applied for the position on or about April 23, 2016.

23.  Mr. Ratzmann was invited to travel to Ignacio to participate in multiple days of interviews with the Board of Directors and employees at Los Pinos Fire Protection District.

24.  Shortly after his visit, the District informed Mr. Ratzmann that the Fire Chief position had been awarded internally to Mr. Aurnhammer, the Deputy Fire Chief at the time.

25.  The District also informed Mr. Ratzmann that Mr. Aurnhammer planned to retire within six months.  As such, the District offered Mr. Ratzmann the Deputy Fire Chief position, stating that Mr. Aurnhammer could train Mr. Ratzmann for approximately six months before Mr. Aurnhammer resigned, and promising that Mr. Ratzmann would transition into the Fire Chief position upon Mr. Aurnhammer's resignation.

26.  On July 14, 2016, Mr. Aurnhammer offered Plaintiff the Deputy Fire Chief position with a start date of August 15, 2016.

27. Plaintiff accepted the Deputy Fire Chief position at Los Pinos Fire Protection District.

28.  Between July 14 and August 15, 2016 Plaintiff ended his job in Florida, sold his home, and moved his family approximately 1,900 miles from Florida to Ignacio, Colorado.

29.  On August 8, 2016 Mr. Ratzmann signed an Employment Agreement with a one-year term from August 8, 2016 to August 8, 2017.

30.  At all times during his employment with the District, Plaintiff was a contract employee with a fixed contract term.

31.  Mr. Ratzmann was never an at-will employee of the District.

32. The District's Policy Manual applied to Mr. Ratzmann as a member and employee of the District.

33. Mr. Ratzmann's Employment Agreement stated that one of the purposes of the agreement was "to provide a just means for terminating Deputy Fire Chief's services [...]."

34. Mr. Ratzmann's was never disciplined in his first year of employment.

35. The District never promoted Mr. Ratzmann to Fire Chief in his first year of his employment as promised.

36. After the first year of his employment, Mr. Ratzmann was offered another Employment Agreement by Los Pinos Fire Protection District for a 5-year term.

37. On August 14, 2017, the President of the Board of Directors, Fire Chief Aurnhammer, and Plaintiff signed a new employment agreement for a 5-year term.

38. Again, the new 5-year Employment Agreement stated that one of the purposes of the agreement was "to provide a just means for terminating Deputy Fire Chief's services [...]."

39. In September 2017 the District published and distributed a "Succession Plan."

40. The first page of the Succession Plan states:

> **Planning Assumptions**
> As this plan is developed, there are several assumptions that are understood. […]
> - As the fire chief retires, the deputy fire chief will be promoted into that position.

41. The succession plan was adopted, in part, because the District was aware that the only reason Mr. Ratzmann accepted the Deputy Fire Chief position was with the understanding that he quickly would be promoted to Fire Chief (the position he originally applied for).

42. Plaintiff would not have uprooted his family and moved 1,900 miles across the country for the same job he held in Florida. He moved because he was promised a promotion to Fire Chief within a short period of time.

43. Until his termination, the District never reprimanded Plaintiff and Plaintiff never received

5

any disciplinary actions for anything related to the performance of his position of Deputy Fire Chief.

44. On March 22, 2018 Fire Chief Aurnhammer sent Deputy Fire Chief Ratzmann an Inter-Office Memorandum which stated, "the succession plan is for you to be the next Fire Chief."

45. On October 3, 2018 Mr. Ratzmann was approached by the District's mechanic, Troy Brady. Mr. Brady informed Mr. Ratzmann that Chief Aurnhammer had been requiring Mr. Brady to work on the Chief's personal vehicle during work hours. Mr. Brady reported that the total number of hours he had performed this work added up to several weeks of hours. Mr. Brady reported that Chief Aurnhammer had given him a bottle of Crown Royal in exchange for performing this work while on duty for the District. Further, Mr. Brady reported that he felt that if he did not perform the services that Chief Aurnhammer directed, he would be fired.

46. Mr. Brady reported that the situation made him feel physically ill. His conscience was eating at him for wasting taxpayer dollars on the Chief's personal projects, but he was scared he would lose his job if he reported the situation.

47. Deputy Fire Chief Ratzmann informed Mr. Brady that he would report this issue to the District's Board of Directors.

48. Prior to the report from Mr. Brady, numerous other employees in the District had conferred with Mr. Ratzmann regarding their concerns about the Fire Chief's fitness for duty. These employees had registered their concerns with Deputy Fire Chief Ratzmann out of a concern for Firefighter safety and public safety.

49. Mr. Ratzmann had the same concerns as the Firefighters based on his own personal experiences and observations.

50. The Brady incident was the tipping point for Deputy Fire Chief Ratzmann.

51. On October 9, 2018 Plaintiff filed a written complaint with the President of the Board of

Directors of the District, James Brown.

52. Ratzmann's complaint to the Board summarized events related to Mr. Brady and other events that he and other subordinate employees had witnessed throughout 2018 regarding Fire Chief Aurnhammer's memory and physical fitness for duty.

53. On October 17, 2018 Plaintiff sent an email to the Board President reporting that he had discovered that Chief Aurnhammer had accepted a payment in exchange for accepting an early retirement option in 2016.  However, Chief Aurnhammer did not resign, and he kept the early retirement payment.

54. On or about October 18, 2018 a Board meeting was held.

55. On October 19, 2018, Plaintiff was informed that allegations had been made against him at the October 18, 2018 Board meeting and that he was being placed on administrative leave until the investigation into the complaints was completed.

56. On October 19, 2018 Mr. Ratzmann filed a second complaint with James Brown, the Board President, regarding the manner in which the Board was handling the dueling complaints and his suspension.

57. On November 19, 2018, the day after Plaintiff was interviewed by an investigator related to complaints made against him, the Board voted to terminate Plaintiff's contract.

58. The District did not adhere to its policies and procedures in its termination of Plaintiff.

59. Plaintiff was terminated in retaliation for filing a personnel complaint against the Fire Chief on behalf of himself and his subordinate employees.

60. On January 29, 2019, Plaintiff sent his notice of claims to the District pursuant to the Colorado Governmental Immunities Act C.R.S. § 24-10-109.

## V.      CAUSES OF ACTION

### COUNT I

### RETALIATION BY LAUNCHING AN INVESTIGATION
(42 U.S.C. § 1983 - In Violation of the First Amendment of the U.S. Constitution – Against All Defendants)

61. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

62. In submitting his report to the Board, Plaintiff was engaging in constitutionally protected activity of free speech.

63. Plaintiff's speech was related to matters of public concern including expenditure of taxpayer dollars and issues of public safety.

64. The Defendants' acts of intimidating, threatening, and investigating Plaintiff were motivated by Plaintiff's exercise of constitutionally protected conduct.

65. Defendants' actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in such constitutionally protected activity.

66. Defendants' conduct violated clearly established rights belonging to Plaintiff, about which a reasonable person in Defendants' position knew or should have known.

67. Defendants' acts were done under color of state law.

68. Defendants engaged in the conduct described by this Complaint intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's federally protected constitutional rights.

69. As a direct result of Defendants' actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

### COUNT II

### RETALIATION BY TERMINATING PLAINTIFF'S EMPLOYMENT
(42 U.S.C. § 1983 In Violation of the First Amendment of the United States Constitution – Against All Defendants)

70. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

71. In criticizing and reporting the improper actions and unfitness for duty of the Fire Chief, Plaintiff was engaging in the constitutionally protected activity of free speech on a topic of public concern.

72. Plaintiff's speech was related to matters of public concern including expenditure of taxpayer dollars and issues of public safety.

73. The Defendants' acts of intimidating, threatening, and investigating Plaintiff were motivated by Plaintiff's exercise of constitutionally protected conduct.

74. Defendants' actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in such constitutionally protected activity.

75. Defendants' conduct violated clearly established rights belonging to Plaintiff, about which a reasonable person in Defendants' position knew or should have known.

76. Defendants' acts were done under color of state law.

77. Defendants engaged in the conduct described by this Complaint intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's federally protected constitutional rights.

78. As a direct result of Defendants' actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

## COUNT III

### DENIAL OF DUE PROCESS
(42 U.S.C. § 1983 – Procedural – Against All Defendants)

79. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

80. Plaintiff has a constitutionally protected property or liberty interest arising from each term, actual or implied, of his employment or other contract(s) with the District, as set forth

herein, and evidenced by, the parties' acts and words, the rules and policies of the District, its employee handbooks, and related policies.

81. The District has established policies which set forth the procedures for personnel complaints, investigations, post-investigation, pre-discipline, and post-discipline appeals.

82. The District failed to comply with its own policies and procedures.

83. The District denied Plaintiff a reasonable chance of succeeding if he were able to avail himself of the opportunity to defend himself.

84. Defendants deprived Plaintiff of life, liberty, or property without due process of law in violation of the Colorado and United States Constitutions.

85. As a direct result of Defendants' actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

## COUNT IV

### DENIAL OF DUE PROCESS
(42 U.S.C. § 1983 – Substantive – Against All Defendants)

86. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

87. Defendants deprived Plaintiff of his property arbitrarily, so as to offend notions of fairness and due process in violation of the Colorado and United States Constitutions.

88. As a direct result of Defendants' actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

## COUNT V

### BREACH OF CONTRACT
(Against Defendant Los Pinos Fire Protection District)

89. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

90. Plaintiff and the District entered into an Employment Agreement whereby Plaintiff was guaranteed 5 years of employment.

91. The District terminated Plaintiff's employment early, in violation of their contract, without just cause.

92. The District had policies and procedures that are in place and that were in place during the Plaintiff's employment.

93. The parties' Employment Agreement and the Defendants' policies and procedures set forth the method for conducting a termination.

94. The District, through its words and conduct, demonstrated a willingness to be bound by its policies and procedures.

95. Plaintiff had been aware of the District's policies and procedures throughout his employment.

96. Plaintiff performed as required under the parties' Employment Agreement.

97. Notwithstanding Plaintiff's performance, the District breached the terms of the Employment Agreement by failing to comply with the terms of such agreement.

98. Specifically, the District failed to perform or follow its internal procedures, rules, and policies governing its dismissal of an employee.

99. As a direct and proximate result of Defendant Los Pinos River Fire Protection District's breach of contract, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

## COUNT VI

### BREACH OF CONTRACT
(Good faith and fair dealing – Against Defendant Los Pinos Fire Protection District)

100. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

101. The District breached the express covenant of good faith and fair dealing set forth in the parties' Employment Agreement.

102. As a direct and proximate result of Defendant Los Pinos River Fire Protection District's breach of contract, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

### ALTERNATIVE CLAIM

### BREACH OF IMPLIED CONTRACT
(Against Defendant Los Pinos Fire Protection District)

103. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

104. Plaintiff was aware of the District's Policy Manual throughout his employment.

105. Plaintiff reasonably understood that the District was offering the written policies and procedures as part of the terms and conditions of his employment as a member of the District, and with that understanding, he accepted and continued his employment with the District.

106. Plaintiff performed according to the District's policies and procedures with the reasonable expectation that the District would perform according to its own policies and procedures.

107. Defendants failed to comply with its policies and procedures

108. As a direct and proximate result of Defendant Los Pinos River Fire Protection District's breach of implied contract, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

### ALTERNATIVE CLAIM

### PROMISSORY ESTOPPEL
(Related to policies and procedures – Against Defendant Los Pinos Fire Protection District)

109. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

110. The District was aware of its own policies and procedures. However, Plaintiff had no reason to know that the District would apply certain provisions of its policies and

procedures without applying other provisions to his situation, or that the provisions would be applied for some members and not others.

111. Plaintiff has reasonably relied upon the promises made by the District to his detriment and under circumstances that make it unfair and unjust not to enforce the District's promise.

112. As a direct and proximate result of Defendant Los Pinos River Fire Protection District's actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

## COUNT VII

### PROMISSORY ESTOPPEL
(Related to promises made upon job offer– Against Defendant Los Pinos Fire Protection District)

113. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

114. Defendant promised Plaintiff that he would be promoted to Fire Chief of the District shortly after his hire date.

115. Plaintiff reasonably relied upon the promises made by the Defendant to his detriment, and under circumstances that make it unfair and unjust not to enforce the Defendant's promise.

116. As a direct and proximate result of Defendant Los Pinos River Fire Protection District's actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

## COUNT VIII

### WRONGFUL DISCHARGE
(In Violation of Colorado Public Policy – Against Defendant Los Pinos Fire Protection District)

117. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

118. Defendant Los Pinos River Fire Protection District terminated Mr. Ratzmann's employment, in whole or in part, to prohibit Mr. Ratzmann from his performance of an important public duty and right or from exercising an important job-related right or privilege.

119. Defendant's termination of Mr. Ratzmann's employment undermines a clearly expressed public policy (see below) relating to Mr. Ratzmann's basic responsibility as a citizen or his rights or privileges as an employee.

120. Defendant, at all times, was aware, or reasonably should have been aware, that Mr. Ratzmann's activities were protected as important public duties, his rights as a citizen, or his job-related rights or privileges.

121. Defendant's conduct was willful and wanton and attended by circumstances of malice and reckless disregard for the rights of Mr. Ratzmann and was done to chill other employees' future exercise of their public and job-related duties and rights.

122. As a direct and proximate result of Defendant Los Pinos River Fire Protection District's actions, Mr. Ratzmann suffered and continues to suffer injuries, damages, and losses in an amount to be determined at trial.

### SOURCES ESTABLISHING PUBLIC POLICY

123. The legislative declaration of the Colorado Special Districts Act states that special districts are to be created to "serve a public use and will promote the health, safety, prosperity, security, and general welfare of the inhabitants of such districts and of the people of the state of Colorado." C.R.S. § 32-1-102(1).

124. The Colorado Firefighter Safety Act exists to protect the safety of Firefighters and the communities they serve. C.R.S. § 29-5-201, *et seq.* The legislative declaration of the Colorado Firefighter Safety Act states, "the people of Colorado have a fundamental interest

in the development of harmonious and cooperative relationships between public employers and firefighters, particularly related to safety issues […]." C.R.S. § 29-5-202(1).

125.   The following sections of the Colorado Firefighter Safety Act further outline the public policy adopted by the Colorado General Assembly:

   a. Section 202(2) of the Colorado Firefighter Safety Act states that "[i]t is also the policy of this state to obligate public employers to meet and confer with their firefighters, upon request, to discuss safety, equipment, and noncompensatory matters."

   b. Section 204(1)(b) of the Colorado Firefighter Safety Act states that Firefighters have the right to, "[n]egotiate collectively or address grievances through representatives of their own choosing […]."

   c. Section 204(1)(c) of the Colorado Firefighter Safety Act states that Firefighters have the right to "[e]ngage in other concerted activity for the purpose of collective bargaining or other mutual aid or protection […]."

   d. Section 204(1)(d) of the Colorado Firefighter Safety Act states that Firefighters have the right to, "[b]e represented by an exclusive representative without discrimination, intimidation, or retaliation […]."

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and prays for:

A. Compensatory and emotional distress damages;

B. Statutory penalties as permitted by law;

C. Reasonable attorney's fees and the costs of this action as permitted by law;

D. Statutory prejudgment interest;

E. Punitive damages; and

F. Such other relief as this Court may deem just and equitable.

## VII.     JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated this 3rd day of June 2020.

    Respectfully submitted,

    s/ *Eleni K. Albrechta*
    Eleni K. Albrechta (48429)
    David T. Albrechta (48431)
    ALBRECHTA & ALBRECHTA, LLC
    530 Main Avenue, Suite D-3
    P.O. Box 4596
    Durango, CO 81302
    Phone/Fax: (970) 422-3288
    Eleni@AlbrechtaLaw.com
    David@AlbrechtaLaw.com

    *Counsel for Plaintiff Kevin Ratzmann*